By the Court.
On May 20, A. d. 1875, a proceeding in bankruptcy was begun against B., C., F. and R., partners as B. & Co. On December 21, 1875, the court, on motion of the W. Co., entered an order making said company a party to the proceeding, with leave to sign the petition and complete its process by January 1, 1876, It did neither, and on December 27,1875, the court vacated said order by an entry *205 that did. not recite on whose motion it was made. On the same day the case was dismissed as against C. & E. In February, 1876, the W. Co. proved a claim against B. & Co. on notes signed only in the firm name. B. was discharged in August, 1876, and R. in January, 1877. In October, 1876, the W. Co. sued the four partners on said notes in the common pleas. R. & C., by separate answers, pleaded the pendency of said proceeding, and that no discharge had been refused to R. C. also denied the facts stated in the petition, and pleaded the adjudication of December 27,1875, as made while the W. Co. was a party, and as a bar to its claim against her. A reply to C.’s answer was filed. At the trial the W. Co. asked the court to charge the jury that if satisfied that the only ground on which they could find for the defense was that the action was prematurely brought, the verdict should so state. This the court refused. A general verdict and judgment “ for the defendants ” was set aside by the district court.
Held: 1. The entry of December 27, 1875, was valid notwithstanding a rule of court directed that such an order should state on whose motion it Was made.
2. The W. Co. was not a party to the adjudication dismissing the proceeding against C. & F., and is not affected thereby.
3. Under section 5105, U. S. Rev. Stats., the W. Co. should have delayed suit until after the discharge of R.
4. The trial court should have instructed the jury as so requested by the W. Co., and for that reason the district court did not err in granting a new trial.

Judgment affirmed.